```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION


JENNIFER GRACE PRIDGEN,           *

     Plaintiff,                   *

vs.                               *    CASE NO. 4:10-CV-48-CDL

LEGACY AUTOMOTIVE OF COLUMBUS,    *
LLC   and   EMANUEL   JONES,
individually  and   in   his      *
official capacity,
                                  *
     Defendants.
```

### O R D E R

Plaintiff was an employee of Defendant Legacy Automotive of Columbus, LLC ("Legacy"), which was owned by Defendant Emanuel Jones ("Jones") who served as Legacy's president. Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") for sexual harassment and retaliation. She also alleges various state law claims under Georgia law. Defendants deny Plaintiff's allegations and have moved for summary judgment as to all of Plaintiff's claims. (ECF Nos. 22 & 23). Having thoroughly reviewed the record in this case and the parties' briefs, the Court grants Defendants' motions in part and denies them in part.

The Court finds that genuine disputes as to material facts exist for the following claims:

1. Title VII claim against Legacy for discrimination based on hostile work environment sexual harassment.

2. Title VII claim against Legacy for retaliation.

3. Title VII claim for punitive damages against Legacy pursuant to 42 U.S.C. § 1981a.

4. Georgia state law claims against Jones.[1]

5. Georgia state law negligent retention claim against Legacy.

Accordingly, Defendants' motion for summary judgment is denied as to these claims.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The Court finds that no genuine disputes as to any material fact exist as to the following claims and that Defendants are entitled to judgment as a matter of law as to the following claims:  (1) Plaintiff's Title VII claim against Jones;[2] and (2) Plaintiff's state law claims against Legacy, except for her

---

[1] To the extent that Plaintiff asserts a claim against Jones for invasion of privacy arising from text messages he sent to her and imposition on Plaintiff's personal time, the Court finds that the present record does not support a finding that such conduct was sufficiently offensive from an objective perspective.  Accordingly, summary judgment is granted to Jones as to that claim. *See Yarbray v. S. Bell Tel. & Tel. Co.*, 261 Ga. 703, 705, 409 S.E.2d 835, 837 (1991). Defendant's motion for summary judgment is denied as to the remaining state law claims against Jones.

[2] *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)(per curiam)(the employer is the appropriate defendant in an action under Title VII).

negligent retention claim.[3]  Accordingly, Defendants' motion for summary judgment is granted as to these claims.[4]  *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 255.

IT IS SO ORDERED, this 1st day of November, 2011.

                    s/Clay D. Land
                    CLAY D. LAND
                    UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff asserts the following state law claims against Legacy:  (1) negligent retention and hiring; (2) ratification; (3) intentional infliction of emotional distress; and (4) failure to provide a safe work environment.  Plaintiff has presented no evidence that Legacy knew or should have known of Jones's tendency to engage in any behavior relevant to the injuries allegedly suffered by her prior to the time he became an employee, and therefore, summary judgment is required as to Plaintiff's negligent hiring claim against Legacy.  *See Alpharetta First United Methodist Church v. Stewart*, 221 Ga. App. 748, 753, 472 S.E.2d 532, 536 (1996).  The Court reached a contrary decision regarding Plaintiff's negligent retention claim.  *See Rogers v. Carmike Cinemas, Inc.*, 211 Ga. App. 427, 430, 439 S.E.2d 663, 665 (1993); *Coleman v. Hous. Auth. of Americus*, 191 Ga. App. 166, 170-71, 381 S.E.2d 303, 307 (1989).  Plaintiff has also failed to produce sufficient evidence to create a genuine factual dispute as to Plaintiff's ratification claim against Legacy.  *See Travis Pruitt & Assocs. v. Hooper,* 277 Ga. App. 1, 3-4, 625 S.E.2d 445, 449 (2005). Plaintiff likewise fails to create a genuine factual dispute or basis for holding Legacy responsible for Jones's alleged intentional infliction of emotional distress.  Finally, Plaintiff does not address her negligent and reckless failure to provide a safe work environment claim and has thus abandoned that claim.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)(en banc).

[4] The brevity of this order is disproportional to the time the Court spent thoroughly reviewing the record and analyzing the applicable law.  Given the nature of the allegations, the fact that they are hotly contested, and the Court's ultimate conclusion that a jury must decide most of the claims, the Court found no reason to detail the factual allegations or its analysis in this order.